Welch, J.
Counsel for the city contend : 1. That the-road in question was not a legally established public highway at the time of its annexation to the city; and, 2. That if it were such, its annexation and continuous use by the public did not constitute it a street or highway of the city, *613 for the reason that it was never “ accepted and confirmed ny an ordinance specially passed for such purpose,” as required by section 440 of the municipal code (66 Ohio L. 222).
We think neither of these propositions can be maintained.
Section 440 of the municipal code provides that “no 'Street or alley which has been or may be dedicated to public use by the proprietor of grounds in any corporation, shall be deemed a public street or alley, or be under the care or control of the' council, unless the dedication shall be accepted and confirmed by an ordinance specially passed for such purpose.”
Section 439 makes it the duty of the council to take “ the -care, supervision, and control of all public highways, bridges, streets, avenues, sidewalks, and public grounds, within the corporation,” and to “ cause the same to be kept open and in repair, and free from nuisance.”
It is quite obvious that the provisions of section 439 are -broader than those of section 440, and that there are some descriptions of “public grounds” or “public highways,” which may become subject to the control and supervision of the council, without any ordinance specially accepting them as such. We suppose the object of section 440 was to prevent proprietors of lands within the city limits from establishing new streets or alleys by a mere paper dedication. This was in effect decided in Wisby v. Bonte, 19 Ohio St. 238.
It can hardly be supposed that the legislature intended -by section 440 to vacate, or withdraw from city control, all streets and thoroughfares of the city which had already been established without any “ ordinance specially accepting and affirming them as such.” This would be the effect of the construction contended for, if allowed. We suppose the provision was not intended to'have any application to cases where streets are established as such by public use, .and by acts of the city authorities improving them as such. If the road in question was a legal public highway at the *614 time of its annexation to the city, we think the simple fact of annexing it to the city, and its continuous subsequent use as a street, constituted it a “ public highway ” of the city, within the meaning of section 439 of the code, and subjected it to the control and care of the'city authorities. That it was a legally established public highway at and before its annexation, we entertain no doubt. Because the-statutes have pointed out certain.methods to be adopted for the establishment of public roads, it by no means follows that they can never be established by any other means. The grant of the owner made to the county commissioners, their acceptance of the grant, the'opening and working of the road by the public authorities, and its use as such by the public, were sufficient to establish it a legal public highway, and its annexation to the city and continuous use as one of its streets, constituted it a street of the city.

Motion overruled.